UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:16-cv-0154-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| McCARTHY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, on claims that arose at California State Prison, Sacramento.  He alleges that defendants McCarthy, Smith, Halloran, Chaiken, Johnson, and Pleshcuk were deliberately indifferent to his medical needs in violation of the Eighth Amendment, and that defendants Smith and Spangler retaliated against him in violation of the First Amendment.  *See* ECF Nos. 1, 5. Plaintiff is now housed at California State Prison, Corcoran, and moves for a preliminary injunction.  As explained below, the motion must be denied.

Plaintiff seeks a preliminary injunction in the form of a court order that (1) transfers him out of California State Prison, Corcoran and into a "mental health setting;" and (2) prohibits contact between plaintiff and officers Hernandez, Wilson, Aguirre, Moises, Bravo, Canto, and Malin, none of whom are defendants in this action.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc.*

1

1  *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871
2  F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching
3  power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*,
4  326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a party
5  must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable
6  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
7  injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.
8  2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has
9  also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing
10 the elements of the preliminary injunction test, so that a stronger showing of one element may
11 offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for Wild*
12 *Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions
13 going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support
14 issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *Id.*
15 In cases brought by prisoners involving conditions of confinement, any preliminary injunction
16 "must be narrowly drawn, extend no further than necessary to correct the harm the court finds
17 requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18
18 U.S.C. § 3626(a)(2).

19     Plaintiff fails to meet that standard.  His motion addresses events that are not the subject
20 of this civil action and thus, do not demonstrate either a likelihood of success or a serious
21 question going to the merits of his complaint.  As a result, the motion presents no evidence
22 establishing that he is likely to prevail on his First or Eighth Amendment claims, or that the
23 injunction sought is necessary to preserve the court's ability to grant effective relief on those
24 claims and that it is the least intrusive means for doing so.  Nor has plaintiff shown he will suffer
25 irreparable harm in the absence of the requested relief.   While plaintiff claims that his safety is in
26 danger because of his current mental state and inadequate access to mental health treatment, he
27 provides no evidence to substantiate or further clarify his vague and conclusory allegations in this
28 regard.

The court also notes that prisoners have no Fourteenth Amendment liberty interest in avoiding being transferred to another prison (or being housed in a particular institution).  *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).  Inmates have "no justifiable expectation" that they will be incarcerated in any particular prison, and transferring an inmate to another prison does not infringe a protected liberty interest.  *Olim*, 461 U.S. at 245; *Vitek v. Jones*, 445 U.S. 480, 489 (1980); *see also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (due process protections generally do not apply when prison officials change an inmate's place of confinement, "even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another").

Accordingly, it is ORDERED that the Clerk randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 17, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE