| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:16-cv-154-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| MCCARTHY, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. He alleges violations of his rights under the First and Eighth Amendments. The crux of plaintiff's complaint is that defendants were deliberately indifferent to his mental health needs, which included an attempted suicide. Plaintiff also generally alleges that defendants retaliated against him for filing an appeal about their alleged indifference.

Several motions are pending: (1) defendants' motion to compel; (2) defendants' motion for an order declaring plaintiff a vexatious litigant and requiring him to post security ("motion to post security"); (3) defendants' motion to stay further proceedings pending resolution of their motion to post security ("motion to stay"); and (4) plaintiff's motion for summary judgment and/or partial judgment ("motion for summary judgment").

/////

/////

1

For the reasons that follow, defendants' motion to compel is granted in part and denied in part. Additionally, ruling on defendants' motion to post security and plaintiff's motion for summary judgment are deferred, and defendants' motion to stay is denied as moot.

**I.  Background**

**A.  Factual Allegations**

On January 20, 2015, at about 8:00 a.m., plaintiff was housed in the mental health seclusion unit ("MHSU") of California State Prison, Sacramento ("SAC").  ECF No. 1 at 5. According to plaintiff, he told defendant Smith, a correctional officer, that he was suicidal, hearing voices, and had overdosed on ten pills.  Officer Smith told him to "fuck yourself and die bitch."  *Id.*  Officer Smith returned about ten minutes later and observed plaintiff swallow about thirty pills.  *Id.*  Thereupon, Officer Smith said "Yes, motherfucker, I don't like you" and asked plaintiff "What kind of pills was that?"  Plaintiff, who was crying, said that he was suicidal.  *Id.* Officer Smith laughed at him and called him "a piece of shit."  *Id.*

About five minutes later, "licensed psyche technician Reed" saw plaintiff taking "[twenty] plus pills."  *Id.*  She convinced correctional officers to remove him from the MHSU for "suicidal prevention evaluation."  *Id.*

Subsequently, plaintiff was "housed in the unit rotunda holding cage," where he started to vomit.  *Id.*  About two hours later, defendant McCarthy, a licensed clinical social worker, saw plaintiff.  *Id.*; *see also* ECF No. 34-4 ¶ 1.  McCarthy knew of and was very familiar with plaintiff's metal illness.  ECF No. 1 at 5.  Yet he refused to send him to a "suicide watch crisis bed[]" because he (1) was an "indecent exposure with masturbation inmate" and (2) "continue[d] to disrespect officers."  *Id.*  McCarthy added that he could not care less if plaintiff killed himself. *Id.*  Plaintiff responded that he was "still suicidal and deeply/highly depressed."  *Id.*  But McCarthy stated, "So what[?] That's your problem[,] not mine[]."  *Id.*

Officer Smith sent plaintiff—who continued to vomit—back to his cell.  *Id.* at 6.  Officer Smith called him a snitch because of Reed's intervention.  *Id.*  In his cell, he was collapsing and vomiting, and he eventually started convulsing.  *Id.*

/////

2

Plaintiff was immediately taken to "medical." *Id.* There, defendant Halloran, a staff psychiatrist, saw him. *Id.* Dr. Halloran knew of his "deteriorating conditions of hearing voices and depression plus delusional actions." *Id.* Furthermore, he knew that McCarthy refused to send him to suicide watch. Additionally, nurses told Dr. Halloran that plaintiff was stating that he was still suicidal. *Id.* However, Dr. Halloran said that plaintiff would live and ordered him taken back into custody. *Id.*

From July 2014 onward, plaintiff complained about his mental health problems to the following defendants: (1) Dr. Halloran, *id.* at 7; (2) E. Johnson, who is a clinical psychologist, *id.* at 7; ECF No. 34-6 ¶ 1; (4) R. Pleshcuk, whose title is Senior Psychological Specialist, ECF No. 1 at 7; ECF No. 34-7 ¶ 1; and (4) S. Chaiken, whose title is Chief Psychologist, ECF No. 1 at 7; ECF No. 34-8 ¶ 1. Specifically, plaintiff complained that he was having flashbacks about being assaulted by correctional officers on multiple occasions and feared for his safety because inmates stabbed him in several body parts after officers falsely accused him of pedophilia. ECF No. 1 at 7. He sought help from all four "but was disregarded." *Id.*

From November 2014 to February 2015, plaintiff tried to kill himself by overdosing and hanging himself. *Id.* His failed suicide attempts caused him stomach pain, back pain, and vomiting. *Id.* Also, he had "numerous panic attacks" and was "slowly deteriorating." *Id.* "For months on and off," he was deeply depressed and having "suicidal/homicidal ideations." *Id.* On more than three occasions, he told each of these four defendants about his problems. Furthermore, he "repeatedly asked for a higher level of care but was denied by Pleshcuk and Johnson." *Id.* Additionally, he "made it clear to Halloran and Johnson" that he suffered from a mental illness that he could not control. *Id.*

Plaintiff must be mentally ill. *Id.* at 8. He has been involuntarily medicated since April 2011. Further, he has had "racing thoughts of killing correctional officers and committing rape again." *Id.* Plaintiff has been charged with several sex crimes and has been written up for masturbation more than twenty-four times. Yet defendants denied plaintiff a higher level of care and told him that he "would have to re-offend to get treatment." *Id.* Consequently, plaintiff is hearing voices more often and cannot function. *Id.* Also, he has committed more violent and

sexual acts and tried to kill himself over eight times. *Id.* Defendants are lying about meeting his mental health needs. *Id.* Instead of providing "core groups," *id.* at 7–8, they have him "watch regular movies and play games," *id.* at 8.

On March 20, 2015, plaintiff was in the MHSU. *Id.* at 4. Defendant Spangler, who is a correctional sergeant, interviewed him about his "602 institutional grievance in regards to [his] 1-20-2015 overdose complaint against Officer B. Smith." *Id.*; *see also* ECF No. 34-2 ¶ 1. Plaintiff told her about his "issues" and that he had filed a missing "602-A form" in which he requested monetary relief. ECF No. 1 at 4. About two or three hours later, Sergeant Spangler and Officer Smith came to his cell. *Id.* They "terrorized" him, took items from his cell, and "put the word snitch" on his handwritten legal documents. *Id.* Furthermore, Sergeant Spangler falsified a report stating that there is no record of his overdose on January 20, 2015. *Id.* Additionally, even though Sergeant Spangler fully granted plaintiff's 602 appeal, she deliberately disregarded his claim that his 602-A form was missing. *Id.*

### B. Procedural History

Plaintiff filed his complaint on January 25, 2016, *see generally id.*, which the court screened, ECF No. 5. The court found that plaintiff stated a potentially cognizable claim of deliberate indifference to medical needs against the following defendants: McCarthy, Officer Smith, Dr. Halloran, Dr. Chaiken, Dr. Johnson, and Dr. Pleshcuk. *Id.* at 2. Further, the court found that he stated a potentially cognizable First Amendment retaliation claim against Officer Smith and Sergeant Spangler. *Id.*

The court issued a discovery and scheduling order ("scheduling order") on July 26, 2016. ECF No. 16. The court ordered that all requests for discovery be served "not later than October 21, 2016." *Id.* at 4. The court further ordered that the parties could conduct discovery until December 23, 2016, and that dispositive motions had to be filed no later than March 17, 2017. *Id.*

On October 31, 2016, plaintiff filed his motion for summary judgment. ECF No. 24. Plaintiff's motion for summary judgment is practically the same as his complaint, incorporating essentially all of it verbatim. *Compare id.* at 7–11, 15–16, 20–24, *with* ECF No. 1 at 4–8. As with his complaint, plaintiff supports his motion for summary judgment with the affidavits of four

4

inmates. ECF No. 24 at 39–50. Generally, these affidavits purport to corroborate portions of plaintiff's version of the facts, such as that McCarthy has a history of disregarding the medical needs of plaintiff and other inmates. *See, e.g.*, *id.* at 40, 43, 46. The parties have completed briefing on this motion. ECF Nos. 27, 29.

On December 15, 2016, defendants filed a motion to compel. ECF No. 28. Defendants' counsel asserts, and the record reflects, that he notified plaintiff that he would depose him on December 1, 2016 at 10:00 a.m. at SAC. ECF No. 28-1 at 2; ECF No. 28-3 at 2–3. Counsel also asserts, and the record reflects, that plaintiff was at SAC on that day and refused to appear for his deposition. ECF No. 28-1 at 2; ECF No. 28-3 at 6–8. Based on plaintiff's failure to appear for his deposition, defendants request an order compelling plaintiff to appear for his deposition. ECF No. 28 at 1. Further, defendants seek to recover expenses that counsel "incurred in preparing for, traveling to, and attempting to take [p]laintiff's . . . deposition, as well as preparing the motion to compel." *Id.* They calculate this amount as $1,925. ECF No. 28-1 at 4.

Plaintiff opposes the motion to compel. ECF No. 30. Plaintiff states that he did not receive defendants' deposition notice and that no one otherwise asked him to attend a deposition. *Id.* at 1. He also states that he does not believe that he was at SAC "on October 21, 2016," around which time counsel served the deposition notice on him via mail. *Compare id.*, *with* ECF No. 28-3 at 4.

Defendants have replied. ECF No. 31. Defendants dispute that plaintiff did not receive the deposition notice based on the propriety of their service. *Id.* at 2. Further, they assert that it is immaterial whether plaintiff was at SAC on the day on which they served the notice because he was at SAC no later than October 26, 2016. *Id.*; *see also* ECF No. 24 at 1 (indicating that plaintiff was at SAC on October 26, 2016). Additionally, they assert that their evidence shows that, on December 1, 2016, SAC staff asked plaintiff to appear for his deposition, but that he refused. ECF No. 31 at 2.

Defendants moved to modify the scheduling order on March 13, 2017. ECF No. 32. Like in their motion to compel, defendants contended that plaintiff refused to appear for his properly noticed deposition. ECF No. 32-1 at 1. Therefore, they asked the court to vacate the dispositive

5

motion deadline of March 17, 2017. *Id.* at 3. The court granted the motion, indicating that a modified scheduling order would issue after ruling on defendants' motion to compel. ECF No. 33.

Defendants have also filed a motion to post security. ECF No. 34. They argue that plaintiff is a vexatious litigant because he has "commenced or maintained at least five unsuccessful lawsuits in the past seven years." ECF No. 34-1 at 6. Further, they argue that he is not likely to succeed on the merits of this case. *Id.* at 7–10. Thus, they contend that they are entitled to an order requiring him "to post security guaranteeing their costs." *Id.* at 11 (citations omitted). Defendants state their counsel has spent "at least $13,000 to date" defending this case. *Id.* They also state that they expect to "incur at least $13,000 in additional attorney's fees and other case-related costs." *Id.* Therefore, they conclude that plaintiff "should be required to post security of not less than $26,000 before this case proceeds." *Id.*

Plaintiff filed a response that he titled "request for supplemental to plaintiff['s] opposition." ECF No. 37 at 1. In this document, plaintiff states that it is clear that defendants violated his federal rights as explained in his motion for summary judgment. *Id.* at 2. Further, he indicates that he does not have the money to "furnish even a hundred dollars." *Id.* Additionally, he asserts that restricting his access to the courts would violate due process. *Id.*

Defendants have replied. ECF No. 38. They argue that granting their motion to post security would not violate due process because (1) the First Amendment does not protect baseless litigation and (2) they did not seek a pre-filing order. *Id.* at 2. Furthermore, they reiterate their position that plaintiff is not likely to succeed on the merits of his claims. *Id.* at 3–4.

**II.  Analysis**

  **A.  Motion to Compel**

Under Rule 37(a) of the Federal Rules of Civil Procedure, "a party may move for an order compelling . . . discovery." District courts have broad discretion to grant or deny such motions. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

/////

/////

1     If the court grants the motion, it ordinarily must "require the party or deponent whose

2    conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making

3    the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not

4    order this payment if, *inter alia*, "other circumstances make an award of expenses unjust." Fed.

5    R. Civ. P. 37(a)(5)(A)(iii).

6     Here, the court grants defendants' motion to compel in part. They were entitled to take

7    plaintiff's deposition. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 30(a). Furthermore, they

8    served plaintiff with proper notice of the deposition. *See supra* at 5; *see also* Fed. R. Civ. P.

9    30(b)(1). Plaintiff's excuses for not attending the deposition are unpersuasive. The record

10   reflects that he timely received the notice of deposition and was at SAC on the scheduled

11   deposition date. *See supra* at 5.

12    However, the court denies defendants' request to order plaintiff to reimburse them for the

13   expenses incurred in connection with the unsuccessful deposition, which total $1,925. Plaintiff is

14   an indigent inmate. ECF No. 5. Furthermore, defendants have not argued that he otherwise

15   failed to meet his discovery obligations. Thus, ordering him to pay this amount would not serve

16   the ends of justice.

17    The court cautions plaintiff, however, that the failure to comply with the court's order to

18   appear for and participate in the taking of his deposition may result in the imposition of sanctions.

19   *See* Fed. R. Civ. P. 30(d)(2); Fed. R. Civ. P. 37(d); E.D. Cal. R. 110. Such sanctions may include

20   "dismissing the action . . . in whole." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Ferdik v. Bonzelet*,

21   963 F.2d 1258, 1260–61 (9th Cir. 1992) (stating that district courts have inherent power to

22   dismiss cases for failure to comply with court orders).

23   **B.     Motion to Post Security**

24    Local Rule 151(b) adopts the provisions of the California Code of Civil Procedure relating

25   to vexatious litigants. E.D. Cal. R. 151(b). One such provision provides that the litigation is

26   stayed when a motion to post security is filed before trial. Cal. Civ. Proc. Code § 391.6.

27   However, Local Rule 151(b) expressly provides that the court's power "shall not be limited" by

28   the California Code of Civil Procedure's provisions relating to vexatious litigants. And it is

axiomatic that federal district courts have broad and inherent power to manage their dockets "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *see also, e.g.*, *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

Here, defendants' motion to post security requires the court to consider the merits of the dispute, which includes reviewing evidence such as affidavits. Furthermore, to a measurable extent, the case involves the plaintiff's word against the defendants'. Therefore, it would behoove the court to review plaintiff's deposition transcript before ruling on the motion to post security. *See, e.g.*, *Link*, 370 U.S. at 630–31; *cf.* Cal. Civ. Proc. Code § 391.2 ("[T]he court shall consider any evidence . . . as may be material to the ground of the motion.").

Therefore, the court will defer ruling on defendants' motion to post security. As a result, the Clerk is directed to terminate this motion.

### C. Motion to Stay

The court's disposition of defendants' motion to post security moots their motion to stay.

### D. Motion for Summary Judgment

For the foregoing reasons, it is premature to rule on plaintiff's motion for summary judgment. Therefore, the court defers ruling on this motion as well. Accordingly, that motion is denied without prejudice to its renewal following the completion of plaintiff's deposition.

### E. Remaining Matters

Consistent with its order of March 14, 2017, the court issues a modified scheduling order as set forth below.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 28) is granted in part and denied in part.
2. The scheduling order (ECF No. 16) is modified as follows:
    a. Discovery is reopened for the limited purpose of allowing defendants to depose plaintiff. Defendants have 45 days from the entry of this order to depose plaintiff and file any related motion to compel.

|  |  |  |
|---|---|---|
| 1 |  | b. Dispositive motions shall be filed (or renewed) within 45 days of the completion of plaintiff's deposition. |
| 3 | 3. | Ruling on defendants' motion to post security (ECF No. 34) is deferred pending the completion of plaintiff's deposition as provided for in this order. The Clerk shall terminate ECF No. 34. Defendants may file a notice of renewal following the completion of discovery and lodging of plaintiff's deposition with the court. Defendants shall notify plaintiff of the lodging of his deposition transcript with the court. Defendants may, but are not required to, supplement/amend their motion to post security with relevant testimony from plaintiff's deposition. |
| 10 | 4. | Ruling on plaintiff's motion for summary judgment (ECF No. 24) is deferred pending the completion of his deposition as provided for in this order. The Clerk shall terminate ECF No. 24. Plaintiff may file a notice of renewal following the completion of discovery and lodging of his deposition transcript with the court. Plaintiff may, but is not required to, supplement/amend his motion for summary judgment with relevant testimony from his deposition. Alternatively, plaintiff may elect not to renew his motion for summary judgment and to file a new motion for summary judgment, which may include relevant testimony from his deposition transcript. If plaintiff chooses this alternative, he must, as specified above, file the new motion for summary judgment within 45 days of the completion of his deposition. |
| 21 | 5. | Defendants' motion to stay (ECF No. 36) is denied as moot. Defendants may renew this motion if they renew their motion to post security. |

Dated: June 1, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9